*Wayne Circuit.*

## CHARLOTTE HASKINS

### vs.

## GEORGE MOORE.

*Trial upon Affidavits.*

As a general rule, no matters can properly be tried upon mere affidavit, except such as depend upon the discretion of the Court.

BY THE COURT, JENNISON, J.—Mrs. Haskins obtained a verdict of $327 and costs in a slander suit. A few days thereafter parties tried to negotiate a compromise. The result was that a man by the name of Smithson took plaintiff to the house of defendant, where, after some discussion, a discharge in full of the verdict, in consideration of $50, was read to her and signed by her. The money was paid to Smithson with plaintiff's consent, but it appears that he appropriated it to his own use. Judgment was afterwards entered on verdict, with leave to move to have it set aside. Mr. Palmer made the motion for satisfaction of judgment, based on affidavits. Judge Reilly filed counter affidavits, denying the facts charged.

On this showing, *Held*, that plaintiff had a right established by law, to wit, a judgment, and that before

that right could be assailed plaintiff was entitled to have an issue framed and to defend herself by examination of witnesses in due course of law.

Generally, no matter can be tried upon mere affidavit, except such as depends upon the discretion of the Court.

> People Ex Rel. Judge of Calhoun Circuit, 24 Mich, 408.

Motion denied without costs.

*Ex-Judge C. J. Reilly* for plaintiff.

*E. Minock and E. Palmer* for defendant.